## GENERAL KERZEE V. STATE.

No.24380. May 11, 1949.

No attorney of record on appeal for appellant.

*Will R. Wilson, Jr.*, Criminal District Attorney, *George P. Blackburn*, First Assistant Criminal District Attorney, *Thomas G. Unis*, and *Waller M. Collie, Jr.*, Assistants Criminal District Attorney, and *Ernest S. Goens*, State's Attorney, Austin, for the state.

KRUEGER, Judge.

The offense is murder with malice. The punishment assessed is death.

There are no bills of exception in the record nor any objections to the court's charge. However, in his motion for a new trial, appellant challenges the sufficiency of the evidence to justify and sustain his conviction. He also charged in his motion that the members of the jury were permitted to separate and one of the jurors conversed with people who were not members of the jury.

The state's evidence shows that appellant, a Negro man about 57 years of age, killed Gladys Scott, a Negro woman, in the city of Dallas on the night of June 11, 1948. The body of the deceased was discovered in an alley between 4:30 and 5 a. m. The police department was notified and some officers went to the scene of the homicide and began an investigation. They found the body horribly mutiliated. Her heart, lungs, and liver had been cut out and were lying on the ground. Her intestines

and private parts had been severed from the body, and she had been stabbed and cut on the head, legs, and other parts of the body.

Appellant, who lived with his brother-in-law, came home about 5:30 or 6 a. m. He took off his pants and burned them; he took off his shoes which had blood on them and left them on the back porch. He threw his coat on the lawn of M. M. Well, who lived approximately one block from the place where the body of the deceased was found. When Well picked up the coat, he noticed blood on it. He turned the coat over to the officers. Appellant was arrested about noon of the same day, at which time he delivered to the officers a knife with blood on it. He, at the time, made a voluntary confession to Detective Fritz after being duly warned, as provided by law. Thelma Allen testified that she saw appellant and the deceased on a bus about midnight or shortly before on the night of the homicide. She saw them get off the bus not a great distance from the alley in question and she saw appellant pulling Gladys by the arm. We are of the opinion that the facts and circumstances proved by the state, together with his confession, is ample evidence to sustain his conviction.

It appears from appellant's motion for a new trial that one of the jurors took suddenly ill while the jurors were partaking of their noon meal. The officer in charge of the jury summoned a physician to administer to the sick juror, which he did. This all took place in the presence of the remainder of the jury and the officer in charge of them. On the hearing of the motion, the juror stated that he did not converse with any outside party except the physician, but not about the case. He only replied to questions asked him by the physician relative to how he felt. The officer in charge, under oath, made a similar statement as the juror. No separation of the jury is shown, nor does appellant contend that the sick juror talked to anyone relative to any matter touching the case on trial. We think the state fully discharged the burden placed on it by appellant's allegation in the motion.

There are other matters raised in the motion for a new trial which need not be discussed since they were not supported by any proof but, on the contrary, were disproved by the state.

No reversible error appearing from the record, the judgment of the trial court is affirmed.

Opinion approved by the Court.